file a stipulation showing the amount due computed in accordance with this opinion, they may have 30 days in which to do so.

It is so ordered.

JONES, Chief Judge, and LARA-MORE, MADDEN, and LITTLETON, Judges, concur.

**METAL EXPORTS, Inc.**

v.

**The UNITED STATES.**

No. 50021.

United States Court of Claims.

Jan. 16, 1957.

Edwin Longcope, New York City, George Whitefield Betts, Jr., William Logan, Jr., and William E. Logan, New York City, on the briefs, for plaintiff.

Edward L. Metzler, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., George L. Ware, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit by plaintiff, a Panama corporation, for an alleged breach of a contract by the defendant's Maritime Commission, for the sale and delivery of a stockpile of surplus marine parts located at Yokohama, Japan. Plaintiff also claims "just compensation" on the theory that title passed to plaintiff, and defendant's retention of the stockpile

was therefore a taking under the fifth amendment.

■ The defendant, in oral argument, admitted the Government was not on solid ground when it said there was not a breach of the contract. Furthermore, the facts show beyond question that plaintiff's bid of $10,000 was accepted by the defendant. In response to the invitation for bids on the stockpile of surplus material, the only bid submitted for a substantial part of the pile was plaintiff's in the amount of $8,000. Captain Burger, the Far East representative of the Maritime Commission, notified the Commission at Washington the result of the bids. The Commissioner advised him that the result was disappointing, and while reminding him that it was imperative that the property be disposed of and removed by July 1, 1950, authorized him to negotiate with all bidders with a view toward obtaining a higher bid. Burger notified plaintiff, and after negotiations plaintiff did increase its bid to $10,000. By cable of June 24, 1950, the Commission authorized Burger to accept the $10,000 offer. Plaintiff gave Burger four checks totaling $10,000, and a bill of sale dated July 11, 1950, was executed.

On July 11, 1950, the custodian of the property was advised as follows:

"Sale of the following material has been made. You are authorized to deliver in accordance with terms noted hereon to purchaser or his authorized representative, obtaining receipt therefor."

Hostilities involving the Armed Forces of the United States began in Korea about June 25, 1950. On July 17, 1950, Burger was advised that if the stockpile was still in custody of the Commission to delay its release. As a result thereof the Maritime Commission did retain the stockpile and returned to plaintiff the four checks given in payment.

Since by the terms of the contract plaintiff had 15 days from July 11, 1950, in which to remove the stockpile and the time not having expired, plaintiff had done nothing wrong and was legally entitled to possession of the material purchased. When the defendant refused to release the material under these facts and circumstances, there can be no question but that the contract to purchase was breached by defendant.

The only question then is the amount of damages to which plaintiff is entitled.

The Commissioner of this court has found that there is no satisfactory evidence as to the scrap value of the material. Further, that the total weight of the items was not shown and that the only evidence as to the value of scrap in Japan during the period involved was from $1 to $50 a ton.

Obviously then, it is impossible for this court to determine damages on that basis. Obviously too, plaintiff has been damaged by defendant's breach of the agreement, and in all fairness ought to be paid therefor. This makes our task more difficult but not insurmountable.

■ The only fair method we can find under the circumstances, while involved and perhaps a novel formula, is to make a comparison between the sale of the propellers and the remainder of the stockpile.

As of July 15, 1950, plaintiff entered into a sales contract with the Pacific Island Scrap Corporation for the sale of the five propellers contained in the stockpile for $11,773.15. The book value of said propellers was $41,595. This means that plaintiff would have sold $41,595 worth of material for $11,773.15, or approximately one-fourth of the book value. Assuming plaintiff could have done equally well with all the other items, he would have received approximately $56,000 for the entire stockpile. However, the propellers being more valuable were more easily sold than the hundreds of other items. In addition, sound business judgment tells us that the necessary expenses which would have to be borne by plaintiff for storage, handling, insurance, sorting, advertising, etc., would greatly reduce this theoretical profit. We believe one-half of the $56,000 would be a reasonable cost of the above expenses. This

would make the figure $28,000 which plaintiff could expect to net from the sale of the items. Out of this $28,000 plaintiff would have to recoup his original investment of $10,000 before there is any profit involved. Since plaintiff's purchase price was returned to him by defendant, the net due plaintiff would be decreased by this amount, i. e., $10,000.

We, therefore, conclude in the circumstances of this case that plaintiff has been damaged in the sum of $18,000 and judgment will be entered for plaintiff in that amount.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.

**DILLINGHAM TRANSPORTATION BUILDING, Limited,**

v.

**The UNITED STATES.**

**No. 110-52.**

United States Court of Claims.
Jan. 16, 1957.

N. Barr Miller, Washington, D. C., F. Eberhart Haynes, Haynes & Miller, J. Marvin Haynes, Oscar L. Tyree, Joseph H. Sheppard, Washington, D. C., Smith, Wild, Beebe & Cades, and J. Russell Cades, Honolulu, Hawaii, on the briefs, for plaintiff.

Gilbert E. Andrews, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, John W. Hussey, and Anthony T. Dealy, Washington, D. C., on the brief, for defendant.